UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOSE MORENO, | Case No. 23-cv-00407-WHO (PR) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS;** |
| v. | |
| JEFF MACOMBER, et al., | **ORDER OF DISMISSAL** |
| Defendants. | Dkt. No. 41 |

## INTRODUCTION

Plaintiff Jose Moreno alleges in this 42 U.S.C. § 1983 action that his parole officer, defendant Anthony Gutierrez, violated his due process and First Amendment rights when he arrested or cited Moreno for violating his parole conditions. Gutierrez has filed a motion under Rule 12(c) for judgment on the pleadings that I will GRANT. Moreno was released six days after his arrest for an admitted parole violation and no action was taken to revoke his parole: no procedural due process violation occurred. And there are no allegations to support the First Amendment retaliation claim: after Gutierrez learned of another parole violation to which Moreno admitted, Gutierrez enforced the parole condition. The assertion of retaliation is speculative. Plus, he had a legitimate penological interest in requiring compliance with parole conditions. In addition, as a parole officer Gutierrez is absolutely immune from money damages even if he had imposed unconstitutional conditions of parole. And because Moreno has been released from parole and is no longer subject to parole conditions, his claims for equitable relief are moot.

## BACKGROUND

In December 2012, a Sacramento County Superior Court jury found Moreno guilty

1   of eleven counts of burglary; two counts of larceny; three counts of unauthorized computer
2   access; three counts of invasion of privacy; one count of stalking; and one count of
3   stalking in violation of a court order. (Compl., Dkt. No. 6 at 4.) He received a sentence of
4   19 years and four months in state prison in January, 2013. (*Id.*) He was released from
5   prison on September 1, 2021 and was subject to parole conditions until October 23, 2023,
6   when he was discharged from parole. (*Id.*; Second Am. Compl., Dkt. No. 39 at 4.)
7   Defendant Gutierrez was his parole officer.

8   Moreno's two claims are based on the actions Gutierrez took in response to two
9   instances of Moreno violating his parole.

### **Facts Regarding Claim 1**

Moreno's parole conditions forbade him from being on school grounds (Special Condition 11). He admits that he was on school grounds playing softball with friends on November 25, 2021. (Second Am. Compl., Dkt. No. 39 at 8.) Gutierrez arrested him for this violation on December 1, 2021: The Intake Booking sheet indicates that Moreno was arrested pursuant to Cal. Penal Code section 3056. (Second Am. Compl., Dkt. No. 39-1 at 9.) He was released six days later, on December 7, 2021. (*Id.*) The Board of Parole declined to pursue parole revocation and accordingly no parole revocation hearing was held.

Moreno claims that Gutierrez violated his due process rights by subjecting him to "flash incarceration" pursuant to Cal. Penal Code section 3000.08. (*Id.* at 14.) But as I explain later, the real issue is whether he received sufficient process pursuant to his arrest under Cal. Penal Code section 3056.

### **Facts Regarding Claim 2**

Moreno again violated Special Condition 11 when on August 28, 2022 he was present on school property. (*Id.* at 12.) Gutierrez cited him for this violation a day later. (*Id.*) Moreno claims that Gutierrez's citation was retaliation for Moreno's threat to file an administrative grievance against him for a report Gutierrez filed previously:

On August 29, 2022, Moreno was informed by Defendant GUTIERREZ, via a phone call, that he was being cited for a parole violation for being on school grounds as he walked his dogs through Starlight Elementary School's parking lot at 6:00 PM on a Sunday, August 28, 2022. [Exh. 2 – CDCR Form 1244.] Moreno noted to the defendant that he had walked through that parking lot at least once a week for the past year and he had never been warned against it. Defendant GUTIERREZ responded by saying, 'Well, it is the first time I have noticed it and that is why I'm violating you for it.' Moreno then remarked, 'Just because it is the first time that you have noticed it, it does not mean that it is the first time that I have crossed that parking lot in the past year and it has never been an issue until now.' Defendant GUTIERREZ retorted, 'It is an issue and if you do it again, I will send you to county for six months.' Defendant GUTIERREZ's actions here were patently motivated by personal animosity towards Moreno. Indeed, the defendant's actions here did not comport with CDCR general policy or custom. It follows, accordingly, that the defendant's enforcement of Condition 11 is manifestly pretextual in order to retaliate against Moreno for confronting him on the numerous and material mistakes of fact within the DRR and for informing him that Moreno was going to file an administrative appeal to call them out.

(*Id.*)

Moreno seeks money damages and equitable relief.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D. Cal. 2004). It is "functionally identical" to a Rule 12(b) motion to dismiss for failure to state a claim, differing only in that it is filed after pleadings are closed. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); Fed. R. Civ. P. 12(c). In evaluating a motion for judgment on the pleadings, all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. *See Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004) (citation omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

1  Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or

2  "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v.*

3  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an

4  affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746

5  F.2d 1377, 1378 (9th Cir. 1994).

## DISCUSSION

### i. Equitable Relief

Moreno was discharged from parole and released from his parole conditions on October 23, 2023. HIs claims for equitable relief regarding his parole conditions are therefore moot and are DISMISSED.

### ii. Claim 1

While Moreno claims to have been subject to flash incarceration, that is not true. Instead, he was arrested pursuant to Cal. Penal Code section 3056. Because Moreno was not subject to flash incarceration, the issue is what process he was owed under section 3056 for violating his parole conditions.

After an arrest for violating parole conditions, a parolee is entitled to an administrative hearing within 21 days of the arrest to determine whether probable cause exists to believe he has committed a parole violation. *Morrisey v. Brewer*, 408 U.S. 471, 485 (1972); *Pierre v. Washington State Bd. of Prison Terms and Paroles*, 699 F.2d 471, 473 (9th Cir. 1983). If all attempts to revoke a person's parole were dropped after the parole hold was lifted and he was released, no procedural due process rights under *Morrisey* are violated. *Coffelt v. Baker*, 13-0568 RGK (AS), 2013 WL 5964592, at *7 (C.D. Cal. Nov. 7, 2013).

Here, there was no due process violation.[1] Moreno admitted to violating the

---

[1] Moreno's allegation in his opposition that this was a violation of his substantive due process rights is unpersuasive. (Opp., Dkt. No. 44 at 3-4.) Substantive due process rights relate to such matters as personal decisions relating to marriage, procreation, contraception, family relationships, child rearing, and education, as well as with an individual's bodily integrity. *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996). Furthermore, "[o]nly official conduct that 'shocks the conscience' is cognizable as a due

4

1    conditions of his parole.  He was placed on a parole hold for six days and then released.

2    No further attempts were made to revoke his parole at that time.  Accordingly, his

3    procedural rights were not violated.

4          Gutierrez is immune in any event.  Parole officers are absolutely immune from suit

5    arising from "the imposition of parole conditions" under a theory of quasi-judicial absolute

6    immunity.  *Swift v. Christian*, 384 F.3d 1184, 1189 (9th Cir. 2004); *see also Anderson v.*

7    *Boyd*, 714 F.2d 906, 909 (9th Cir. 1983).  "This immunity applies even where parole

8    officers impose allegedly unconstitutional parole conditions."  *Chavez v. Robinson*, 12

9    F.4th 978, 997 (9th Cir. 2021) (internal quotations and citation omitted); *see also Thornton*

10   *v. Brown*, 757 F.3d 834, 839-40 (9th Cir. 2014).

11         In addition, there are no facts to support the allegation that the parole hold was

12   arbitrary or capricious, especially considering that Moreno admitted the violation and it

13   was the first time that Gutierrez was aware of any such violation.  *United States v. Estrella*,

14   69 F.4th 958, 973 (9th Cir. 2023) (search was not arbitrary and capricious when parolee

15   clearly was violating a parole condition).  Accordingly, defendant's motion for judgment

16   on the pleadings as to Claim 1 is GRANTED and it is DISMISSED.

17   **iii.   Claim 2**

18         "Within the prison context, a viable claim of First Amendment retaliation entails

19   five basic elements:  (1) An assertion that a state actor took some adverse action against an

20   inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

21   the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

22   advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th

23   Cir. 2005).  "We have repeatedly held that mere speculation that defendants acted out of

24   retaliation is not sufficient."  *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (citations

25   omitted).  In fact, a plaintiff must show that retaliation for the exercise of constitutionally

---

27   process violation."  *Porter v. Osborn*, 952 F.3d 1131, 1137 (9th Cir. 2008).  Arresting
28   someone for an admitted parole violation does not shock the conscience or fall under substantive due process.

protected rights was a "substantial" or "motivating" factor in the defendant's decision. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. at 274, 287 (1977).

Moreno's allegations fail to state a claim for retaliation. He admits that he told "defendant that he had walked through that parking lot at least once a week for the past year and he had never been warned against it." Gutierrez responded that "it is the first time I have noticed it and that is why I'm violating you for it." After Moreno said that he had walked his dogs many times in the last year and that it hadn't been an issue, Gutierrez warned him that it was an issue and that if he did it again, he would face consequences.

There is nothing in these facts to support Moreno's allegations that Gutierrez's actions "were patently motivated by personal animosity" and that his "enforcement of Condition 11 is manifestly pretextual in order to retaliate against Moreno." Gutierrez arrested him when he first became aware of the violation. There are no facts suggesting that a substantial or motivating factor for Gutierrez was retaliation for Moreno's exercising a constitutional right as opposed to enforcement of a legally authorized parole condition. The assertion that the arrest was in response to Moreno's filing grievances or appeals is speculative at best.

Furthermore, Moreno has not alleged any facts showing Gutierrez's actions did not reasonably advance a legitimate correctional goal. Enforcement of parole conditions serves the legitimate correctional goal to protect the community from the risk Moreno posed because of his commitment offense. *Samson v. California*, 547 U.S. 843, 853 (2006) (the state has an overwhelming interest in supervising parolees because parolees are more likely to commit future criminal offenses). Defendant's motion for judgment on the pleadings as to Claim 2 is GRANTED. Claim 2 is DISMISSED.

## CONCLUSION

Defendant's motion for judgment on the pleadings is GRANTED. (Dkt. No. 41.) This federal civil rights action is DISMISSED.

The Clerk shall terminate all pending motions, enter judgment in favor of defendant,

and close the file.

**IT IS SO ORDERED.**

Dated: March 26, 2025



WILLIAM H. ORRICK
United States District Judge